UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OMAR MONTES,<br><br>        Plaintiff,<br><br>v.<br><br>CAPITAL ONE, NATIONAL ASSOCIATION,<br><br>        Defendant. | Case No. 23-cv-04052-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Re: ECF No. 27] |

Before the Court is Defendant Capitol One, National Association's ("Capitol One") motion to dismiss Plaintiff Omar Montes' Second Amended Complaint. ECF No. 27 ("Mot."); ECF No. 34 ("Reply"). Plaintiff opposes. ECF No. 32 ("Opp."). The Court held a hearing on April 11, 2024, during which the Court issued oral rulings. ECF No. 36. The Court here summarizes those oral rulings.

## I. BACKGROUND

Plaintiff's Second Amended Complaint alleges that he "applied for a Quicksilver credit card on Capital One's website in December 2022 after receiving a targeted offer on Instagram that offered a cash sign-up bonus." ECF No. 26 ("SAC") ¶ 25. Plaintiff alleges that the targeted offer "stated that Capital One offered a $200 cash sign-up bonus to customers who spent $500 in the first three billing cycles after opening the Quicksilver card." *Id.* ¶ 26. After seeing the advertisement, Plaintiff applied for a Quicksilver card through Capital One's website and was approved. *Id.* ¶ 27. The terms of Plaintiff's agreement with Capitol One did not contain any language about the sign-up bonus, *id.* ¶ 28, and he was never paid the bonus. *Id.* ¶ 29. Plaintiff's Second Amended Complaint brings a single claim for "Breach of Contract Including Breach of the Covenant of Good Faith and Fair Dealing." *Id.* ¶¶ 43–54. Plaintiff contends that Capitol One's

1  actions are part of "a widespread advertising and marketing campaign that prominently features a
2  cash sign-up bonus" to lure people into applying for Capitol One credit cards. *Id.* ¶ 1.

## II.  LEGAL STANDARD

A motion to dismiss for lack of Article III standing arises under Rule 12(b)(1). *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) ("[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)."). Where, as here, a defendant makes a factual attack on jurisdiction, the Court "may review evidence beyond the complaint" and "need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

"A Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by

1  amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment.  *Eminence*

2  *Capital*, 316 F.3d at 1052.  "[I]t is the consideration of prejudice to the opposing party that carries

3  the greatest weight."  *Id.*  However, a strong showing with respect to one of the other factors may

4  warrant denial of leave to amend.  *Id.*

### III. DISCUSSION

Capitol One moves to dismiss on two grounds: 1) that Plaintiff lacks standing; and 2) that Plaintiff fails to state a claim.  Mot. at 1.  The Court addresses each in turn.

#### A. Standing

Capitol One argues that Plaintiff lacks Article III standing because he has not suffered any injury-in-fact, namely that Plaintiff fails to allege that he applied for his credit card in response to any advertisements or that he was exposed to any advertisements featuring the bonus in the first place.  Mot. at 6.  Plaintiff responds that standing is "reasonably disputed as a factual matter . . . that the sign-up bonus induced him to apply for the Quicksilver branded card that Capital One approved him for."  Opp. at 15.

The "irreducible constitutional minimum" of Article III standing requires three elements: injury in fact, traceability, and redressability.  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  "[P]laintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements."  *Id.*  As stated at the hearing, Plaintiff has failed to allege traceability, in large part because it is unclear when Plaintiff viewed the Instagram advertisement or what it said.

Accordingly, Defendant's motion to dismiss Claim 1 for lack of standing is granted with leave to amend.  In granting leave to amend, the Court finds that there is a possibility that Plaintiff could conceivably allege further facts showing traceability such as the content of the Instagram advertisement and when Plaintiff saw the Instagram advertisement.

#### B. Breach of Contract

Capitol One argues that "Plaintiff's breach-of-contract claim fails because Plaintiff does not identify any contract with Capital One that promised to pay Plaintiff a sign-up bonus."  Mot. at 8.  Plaintiff responds that his contract with Capitol One is not limited to the terms of the Customer Agreement, but instead includes the terms offered in the Instagram advertisement.  Opp. at 6.

3

1    The parties do not dispute that Virginia law governs the contract. SAC Ex. 1 at 5; Mot. at 8; Opp. at 1. Under Virginia law, the implied covenant "arises only out of specific contractual provisions; it does not bind the parties where no contractual duty is imposed." *Tandberg, Inc. v. Advanced Media Design, Inc.*, 2010 WL 11569540, at *3 (E.D. Va. Jan. 26, 2010). Accordingly, courts routinely dismiss implied covenant claims untethered to a specific contractual provision. *See, e.g., AB Staffing Sols., LLC v. Asefi Cap., Inc.*, 2022 WL 16555707, at *10 (E.D. Va. Oct. 31, 2022) (dismissing implied covenant claim premised on "extra-contractual duties not found in the [parties' contract]"). As stated at the hearing, Plaintiff's claim fails because the User Agreement does not promise to pay a sign-up bonus, SAC ¶ 28, and Plaintiff does not allege facts such that it is plausible that the Instagram advertisement was part of the contract. *Rubio v. Capital One Bank*, 613 F.3d 1195 (9th Cir. 2010); *In re Capital One Bank Credit Card Interest Rate Litigation*, 51 F. Supp. 3d 1316 (N.D. Ga. 2014). Furthermore, Plaintiff's subjective belief that the contract included the bonus is not enough to make it part of the contract. *See Kennedy v. Dabbiere*, 545 F. Supp. 3d 269, 290 (E.D. Va. 2021) ("[A] party's subjective intent, undisclosed at the time of contracting, can never form the basis of contract.") (quoting *Baum v. Whitehorse Marine, Inc.*, 46 Va. Cir. 527, 1996 WL 33454238 (1996)).

Accordingly, Defendant's motion to dismiss Claim 1 for failure to state a claim is granted with leave to amend. In granting leave to amend, the Court finds that there is a possibility that Plaintiff could conceivably allege further factual allegations about the content of the Instagram advertisement and sign-up process to show that the sign-up bonus was part of the contract.

**IV.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion to dismiss is GRANTED WITH LEAVE TO AMEND. Plaintiff SHALL file any amended complaint no later than 45 days from the entry of this order and attach a redlined complaint as an exhibit.

Dated: April 15, 2024

_____
BETH LABSON FREEMAN
United States District Judge