UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OMAR MONTES,<br><br>        Plaintiff,<br><br>    v.<br><br>CAPITAL ONE, NATIONAL ASSOCIATION,<br><br>        Defendant. | Case No. 23-cv-04052-BLF<br><br>**ORDER DETERMINING CASES ARE NOT RELATED**<br><br>[Re: ECF No. 43] |

Currently pending before the Court is an Administrative Motion by defendant Capital One, National Associate ("Capital One") to consider whether cases should be related pursuant to Civil Local Rules 3-12 and 7-11, namely *Montes v. Capital One, N.A.*, 4:24-cv-05677-KAW (N.D. Cal. Removed Aug. 22, 2024) ("*Montes II*") and *Montes v. Capital One, N.A.*, 5:23-cv-04052-BLF (N.D. Cal. Filed Aug. 10, 2023) ("*Montes I*"). ECF No. 43.

Under Civil Local Rule 3-12, an action is related to another where:

> (1) The actions concern substantially the same parties, property, transaction, or event; and
> (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Civ. L.R. 3-12(a). While the allegations and defendants in the cases overlap, the Court determines that the cases should not be related because doing so will not avoid "an unduly burdensome duplication of labor and expense or conflicting results." *See* Civ. L.R. 3-12(a)(2).

The parties do not dispute that the first requirement is met. *See* ECF No. 43 at 2-3; ECF No. 45 at 3. The Court agrees with the parties because, although *Montes II* involves two additional plaintiffs, Mr. Omar Montes—a plaintiff in both *Montes I* and *Montes II*—brought the two cases against the sole defendant, Capital One, over "the same operative facts"—Capital One's alleged

1  failure to pay promised sign-up bonuses associated with its Quicksilver and SavorOne credit cards.
2  *See Pepper v. Apple Inc.*, No. 19-cv-3796, 2019 WL 4783951, at * 1 (N.D. Cal. Aug. 22, 2019).
3  Thus, the Court finds that *Montes I* and *Montes II* "concern substantially the same parties, property,
4  transaction, or event." *See* Civ. L.R. 3-12(a)(1).

5  But the Court finds that the cases should not be related because the second requirement is
6  not met. Capital One argues that relating the cases would avoid duplication of labor and a risk of
7  conflicting results because there is "substantial overlap" between *Montes I* and *Montes II* as they
8  are "based on substantial similar alleged conduct by the same defendant." ECF No. 43 at 3-4. The
9  Court disagrees. First, there is little to no risk of inconsistent judgments or rulings because *Montes
10 I* and *Montes II* involve different claims—*Montes I* involved only Mr. Montes's breach of contract
11 claim while *Montes II* involves the plaintiffs' false advertisement claims under California false
12 advertising laws and unfair competition claims under Bus. & Prof. Code Section 17200. *See Adobe
13 Sys. Inc. v. A & S Elecs., Inc.*, No. C 15-2288 SBA, 2016 WL 9105173, at *3 (N.D. Cal. Oct. 13,
14 2016) (denying motion to relate cases because the cases involved different claims); Dkt. 45 at 1-2;
15 Dkt. 26; *Montes II*, Dkt. 1, Ex. 1.  Second, there is no risk of duplication of labor because *Montes I*
16 was dismissed before discovery began. Dkt. 42. Third, relating the cases would not avoid a
17 duplication of labor and expense because *Montes I* was dismissed before *Montes II* was filed, and
18 the cases were never pending in parallel. *See Rezner v. Bayerische Hypo-Und Vereinsbank AG*, No.
19 C 06-02064 JW, C 08-03479 SC, 2009 WL 3458704, at *2 (N.D. Cal. Oct. 23, 2009) (stating there
20 was no "unduly burdensome duplication of labor and expense" where allegedly related cases were
21 stayed pending mediation and closed on appeal); *Carlyle Fortran Tr. v. NVIDIA Corp.*, No. C 05-
22 00427 JW, C 08-04634 RMW, 2008 WL 4717467, at *1 (N.D. Cal. Oct. 24, 2008) (finding "little
23 possibility" of "unduly burdensome duplication of labor . . . or conflicting results" where the other
24 cases pending before the Court were "either on appeal before the Ninth Circuit or ha[d] been inactive
25 for over two years").

26 Accordingly, the Court determines that Case No. 24-cv-5677 and case No. 23-cv-4052 are
27 NOT RELATED within the meaning of Civil Local Rule 3-12.
28 //

**IT IS SO ORDERED.**

Dated: September 5, 2024

_____
BETH LABSON FREEMAN
United States District Judge